# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| STEVE LEWIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV605-59 |
| ) | [Underlying CR604-10] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On May 14, 2004, a federal grand jury returned a 14-count indictment against movant and nine codefendants. Doc. 1.[1] Movant was charged in count 1 with conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. §

---

[1] Citations are to the docket in movant's criminal case, CR604-10.

846. Id. Count 5 charged movant with distributing approximately 29 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Id. Count 11 charged movant with distributing approximately 56 grams of crack cocaine, also in violation of § 841(a)(1). Id.

On November 24, 2004, movant pled guilty to count 5 of the indictment. Doc. 183. In the plea agreement, movant stipulated as follows:

- That the amount of cocaine base (crack) distributed in connection with the events charged in Count Five was not less than 29 grams, and

- That the conduct set out in Count Eleven of the indictment, involving not less than 56 grams of cocaine base (crack), was part of the same course of conduct and constitutes relevant conduct with respect to Count Five.

Doc. 196 at 4. The plea agreement also explained movant's understanding regarding relevant conduct:

> The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's

sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by the defendant's counsel or the United States Attorney.

The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant still will have no absolute right to withdraw the guilty plea.

Doc. 196 at 5.

The Probation Officer prepared a Presentence Investigation Report ("PSI") and recommended that movant be held accountable for 85.3 grams of cocaine base, making his base offense level 32, with a three level reduction for acceptance of responsibility. The resulting offense level was 29. Movant's prior conviction for possession of a firearm by a convicted felon gave him two criminal history points, making his criminal history category a II. With a total offense level of 29 and a criminal history category of II, the applicable sentencing guideline range was 97 to 121 months' imprisonment. Movant did not object to the PSI.

On March 2, 2005, the Court adopted the PSI's unobjected to facts and guidelines applications as its sentencing findings of fact and sentenced movant to 108 months' imprisonment, five years' supervised release, and a $100 special assessment. Doc. 209 at pp. 2-3, 5. Judgment was entered on March 3, 2005. Doc. 209 at 1. Movant did not appeal.

Movant is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. His §2255 motion was timely filed on June 28, 2005. In his motion, movant claims that his Sixth Amendment right to a trial by jury was violated because his sentence was based in part on "unindicted/relevant conduct." Doc. 243 at 5. Specifically, movant argues that pursuant to <u>Blakely v. Washingon</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), his sentence cannot be enhanced by facts that were not proven beyond a reasonable doubt. Movant also asserts that the Court failed to consider the factors set forth in 18 U.S.C. § 3553(a) in determining his sentence. The government timely filed its response to the motion on August 3, 2005.

## II. ANALYSIS

### A. Procedural Default

Absent a showing of cause and prejudice, previously available claims not timely raised are procedurally defaulted. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Because the claims movant asserts in his § 2255 motion were not raised on direct appeal, he must show (1) "'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains" to avoid procedural default. Frady, 456 U.S. at 168. Movant has shown neither. Accordingly, he is not entitled to relief on his claims because they have been procedurally defaulted.

### B. Sentencing Guidelines Challenges Not Cognizable on § 2255 Review

Guidelines errors are not cognizable on collateral attack. Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in

collateral proceedings under § 2255."); see also Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995) (citing Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990)).

Before being sentenced, movant was given an opportunity to review his PSI, which noted that the resulting guideline range for his offense level and criminal history category was 97-121 months' imprisonment. Movant did not object to the factual accuracy of the PSI or the PSI's guidelines applications. His failure to object prevents him from raising a challenge to the PSI in a § 2255 motion. United States v. Peloso, 824 F.2d 912, 915 (11th Cir. 1987) (citing Simmons v. United States, 777 F.2d 660) (11th Cir. 1985)). The Court sentenced movant within the unobjected to guideline range, and no upward departure was granted. Movant is not entitled to collateral relief on this ground.

C. **Booker**

Movant claims that the Court violated his Sixth Amendment right to a jury trial by sentencing him on the basis of 85 grams of crack cocaine. Movant claims that because he only pleaded guilty to distributing 5 grams

or more of crack cocaine, he should have been held accountable only for that amount.

Movant is not entitled to relief on the Booker claim because he stipulated in his plea agreement to distribution of at least 29 grams with respect to Count Five and at least 56 grams with respect to Count 11. This was the amount for which he was held accountable. "'[A] stipulation to a specific drug quantity – whether as part of a written plea agreement, part of a jury trial, or at sentencing – serve[s] as the equivalent of a jury finding on that issue.' Booker did not change that rule." United States v. Giovanardi, 2005 WL 1653778, at *2 (11th Cir. 2005) (unpublished) (quoting United States v. Sanchez, 269 F.3d 1250, 1271 (11th Cir. 2001)). Because movant stipulated to the amounts that formed the basis of his sentence, no Booker error occurred.

### D. 18 U.S.C. § 3553(a) Factors

Movant also asserts that the Court failed to consider the factors set forth in 18 U.S.C. § 3553(a) in determining his sentence. Section 3553(a) directs courts to consider a number of factors in determining a sentence, such as the nature and circumstance of the offense, the history

and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Movant does not specify which particular factors the Court did not consider. He also does not explain how consideration of those factors would have changed the sentence imposed.

Bare allegations, devoid of any factual support, are insufficient to obtain relief under § 2255. Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)). Moreover, the Eleventh Circuit has recognized that consideration of each § 3553(a) factor is not necessary where, as here, the district judge imposes a sentence within the applicable guidelines range. United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

## III. CONCLUSION

Based on the foregoing, the Court recommends that the instant § 2255 motion be DISMISSED.

**SO REPORTED AND RECOMMENDED** this __11TH__ day of **August, 2005.**

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

Steve Lewis )

vs ) CASE NUMBER CV605-59

United States of America )
) DIVISION Statesboro

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/11/05 , which is part of the official record of this case.

Date of Mailing: 8/11/05

Date of Certificate  ☒ same date,   or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Steve Lewis 11989-021 FCI Fort Dix 5841 West P.O. Box 7000 Fort Dix, NJ 08640
Amy Lee Copeland U.S. Attorney's Office P.O. Box 8970 Savannah, GA 31412

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate